Case 7:26-mc-00242-DC    Document 1-7    Filed 06/24/26    Page 1 of 8

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

NEURAL AI, LLC,                              ) MO:24:CV-00221-ADA-DTG
                                             )
    Plaintiff,                               )
                                             )
v.                                           ) MIDLAND, TEXAS
                                             )
NVIDIA CORPORATION,                          )
                                             )
    Defendant.                               ) JUNE 17, 2026

             *********************************************
                    TRANSCRIPT OF DISCOVERY HEARING
              BEFORE THE HONORABLE DEREK T. GILLILAND
             *********************************************


APPEARANCES:

FOR THE PLAINTIFF:    MARK D. SIEGMUND
                      CHERRY JOHNSON SIEGMUND JAMES, PLLC
                      7901 FISH POND ROAD, 2ND FLOOR
                      WACO, TEXAS 76710

                      MASSIMO CICCARELLI
                      CICCARELLI LAW FIRM
                      100 NORTH 6TH STREET, SUITE 502
                      WACO, TEXAS 76701

                      ROCCO MAGNI
                      SUSMAN GODFREY, LLP
                      1000 LOUISIANA STREET, SUITE 5100
                      HOUSTON, TEXAS 77002

                      EMILY MICHELLE PORTUGUESE
                      SUSMAN GODFREY LLP
                      ONE MANHATTAN WEST, 50TH FLOOR
                      NEW YORK, NEW YORK 10001

FOR THE DEFENDANT:    BARRY KENNETH SHELTON
                      SHELTON COBURN LLP
                      311 RANCH ROAD 620 SOUTH, SUITE 205
                      AUSTIN, TEXAS 78734

STEVEN M. BALCOF
DESMARAIS LLP
230 PARK AVENUE 26TH FLOOR
NEW YORK, NEW YORK 10169

GILLIAN F. MOORE
GIBSON, DUNN & CRUTCHER, LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166

THIRD PARTY        ROGER J. FULGHUM
DELL:             BAKER BOTTS LLP
                  ONE SHELL PLAZA
                  910 LOUISIANA
                  HOUSTON, TEXAS 77002

THIRD PARTY        BENJAMIN J. BYER
MICROSOFT & AMAZON:     DAVIS WRIGHT TREMAINE LLP
                  920 FIFTH AVENUE, SUITE 3300
                  SEATTLE, WASHINGTON 98104

TRANSCRIBER:       ARLINDA RODRIGUEZ, CSR
                  501 WEST 5TH STREET, SUITE 4152
                  AUSTIN, TEXAS 78701
                  (512) 391-8791

Proceedings recorded by electronic sound recording, transcript

produced by computer.

evaluate or judge the back-and-forth that's occurred since October, but rather just deal with the issues that are in front of me.

As I see these requests for production, I do believe that they are targeted to relevant information. However, I do believe the scope of some of them -- in many of them is probably more broad than necessary, and it's an understandable byproduct of asking for information when you don't know what information is available.

So I do believe that looking at, say, No. 1, documents sufficient to identify products, features, services offered or internally deployed during the relevant period that incorporate or use NVIDIA GPU acceleration software or NVIDIA GPU acceleration hardware, based on what I know of the underlying case, I believe the documents that identify and include that information, at least to an extent, are relevant to the underlying lawsuit.  And that same thought permeates through all of these.

However, when I get to, for example, the one that is seven and eight that refer to sufficient to show valuation, measurement, or realization of any performance benefits, functional improvements, business value, or cost-benefit analysis, as well as, eight, usage, sales,

there.

MR. BYER:  Well, we certainly meet you on that, Your Honor.  So the first question of jurisdiction.  So I agree with Ms. Portuguese's analysis that it boils down to whether the place of compliance is correct.  But what Rule 45 says is that place of compliance, it's 100 miles from where the person regularly conducts business.

Now, when we're talking about a corporation who's received a subpoena for documents, the way that that's analyzed is where is the document custodian sitting, the individual document custodian, the person at these entities who holds the documents that are being requested.

And it's not a general, "We can look to see if Microsoft has a job posting in Austin."  That's irrelevant to the analysis of the place of compliance for a Rule 45 document request.  That's got to be focused on what's being asked and where the people sit that hold those documents, and that's what's entirely missing from their presentation on the jurisdiction, which is why when these motions are brought, they're brought in the Western District of Washington, because that's where these two entities have their core employees, and particularly here, the nature of what's being asked for.

And so it's not enough for them to find a job

to do it -- it doesn't tee up a ripe dispute, particularly where here we've committed to produce next week, and the nature of what's being asked of us is extremely complicated.

And I looked at the slides that they circulated, and the slides talk a lot about delay and this and that, but what they don't talk about is why we haven't produced anything. Well, what is it that's holding everything up? And the answer to that is what they're asking for is extremely difficult.

Both of these clients, Microsoft and Amazon, both of them are in the cloud business. They're two of the largest cloud infrastructure providers in the country. That's no secret. And I think that's probably why we're on Plaintiff's list of getting subpoenas. The issue that we have as cloud providers, unlike a traditional company, is that the chips that are being accused in this lawsuit are not something that we put in, like, a tablet and sell as a product. If that's the case, there's one chip to one product to one sale, and you trace that and you document that.

The issue that we have as cloud providers is the business that these companies are in is in figuring out ways to use these chips efficiently, and one chip may be used in one moment in one way and in a different

moment in a different way, in a different moment an entirely different way.  And what that means is there's different groups within each entity that may have overlapping claims to the same chip.  And unpacking that is extremely difficult and something we've spent a lot of time working on.

And that's what we've worked with Plaintiff on. We've explained this to Plaintiff, and Plaintiff has said, "We don't care.  We're just going to go to the Court."  And so here we are.  And our view is that a more calculated approach would then tee up an actual dispute for the Court, and that's why we objected to the process here.  And it sort of loops back to the substance.

THE COURT:  Got you.  All right.  What I'm going to do, even under the order governing proceedings and its truncated discovery dispute process, oftentimes, if the dispute is of such a nature that I don't think the chart's sufficient, then I'll order the parties to do more traditional briefing.

And given the underlying issues of authority with regard to a third party as well as the question about place of compliance, I'm going to deny Plaintiff's discovery dispute request with regard to Amazon and Microsoft and instruct both parties to file whatever motion they believe is appropriate in whatever venue they

believe is appropriate.  I'm not ruling on any of those issues at this point.  I'm just deciding that this issue is too complicated to decide at the discovery dispute chart level.  And obviously, we'll encourage both of you to file those motions as promptly as possible since the discovery clock is ticking in your case.

All right.  Any questions, Ms. Portuguese?

MS. PORTUGUESE:  No, Your Honor.  Thank you for your time.

THE COURT:  All right.  Anything else that we need to address before we adjourn for any of the parties?

MR. FULGHUM:  Your Honor, speaking for Dell, with regard to your statements about your statements about leave with respect to the discovery dispute chart, we may -- depending upon circumstances, may seek more than the allotted 500 words, and if so, we'll note that as appropriate.

THE COURT:  Okay.  And in you-all's case with the -- yeah, I guess I wasn't really thinking it so much as a dispute chart, but thinking of it more of discrete under each request for production.  In a perfect world, it will come back saying, "We've agreed to it, and this is what it's going to be."  But under each one, there may be the plaintiff's -- what the plaintiff is still requesting and what the defendant is saying it's willing