**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| **NEURAL AI, LLC,** | |
| **Petitioner,** | **Case No. 7:26-mc-00242** |
| **v.** | **[Underlying Case: USDC Western District of Texas No. 7:24-cv-00221-ADA-DTG]** |
| **MICROSOFT CORPORATION,** | |
| **Respondent.** | |

**DECLARATION OF BENJAMIN J. BYER IN SUPPORT OF RESPONDENT'S MEMORANDUM IN RESPONSE TO PETITIONER'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA SERVED ON THIRD-PARTY PARTY MICROSOFT CORPORATION**

I, Benjamin J. Byer, declare on personal knowledge as follows:

1.      I am an attorney at Davis Wright Tremaine, counsel for Microsoft Corporation ("Microsoft") in this matter. This declaration is based on personal knowledge and if called, I could testify competently to the facts herein.

2.      Since Neural AI, LLC's ("NAI") issued its third-party subpoena to Microsoft, I have been involved in each meet and confer between the parties.

3.      On May 21, 2026, the parties met and conferred, and Microsoft shared its findings from its preliminary investigation: the accused computer chips were potentially used in many places across the company, and tracking down each one, how it was used, and how it was configured was not meaningfully possible. Namely, asking a cloud provider to track down many thousands of GPUs is akin to asking an automative company to track down every wrench and produce documents showing how each was used. Microsoft asked NAI whether it could narrow or focus its requests in any way. It refused and stated it would simply go to the court rather than meaningfully confer. Microsoft nonetheless agreed to look for ways to provide information about the approximate volume of the accused products that were used in one of the three identified configurations.

4.      On June 5, 2026, the parties met and conferred, and Microsoft explained that based on a reasonable search it did not have documents kept in the ordinary course of business that provided company-wide visibility into the usage NAI sought, but offered as an alternative to conduct a search and compile into a spreadsheet data showing for accused NVIDIA GPUs the approximate volume configured in one of the three confirmations NAI identified as relevant.

5.      Microsoft promised to complete its search and production of documents on June 26, 2026. Microsoft made its agreed production on that date.

6.      After Microsoft made its production, NAI has not reached out to Microsoft to request a meet and confer and has not otherwise identified anything missing from this production.

7.      Attached as **Exhibit A** is a true and correct copy of the parties' email communications related to the meet and confers.

8.      Attached as **Exhibit B** is a true and correct copy of excerpts of the transcript from the hearing in the underlying case on June 17, 2026.

9.      Attached as **Exhibit C** is a true and correct copy of the joint submission NAI and Dell submitted to the Court related to the subpoena issued to Dell in the underlying case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 1, 2026 at Seattle, Washington.

*/s/ Benjamin J. Byer*

_____

Benjamin J. Byer

2