# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND-ODESSA DIVISION**

| | | |
|---|---|---|
| NEURAL AI, LLC, | ) | MO:24:CV-00221-ADA-DTG |
| Plaintiff, | ) | |
| v. | ) | MIDLAND, TEXAS |
| NVIDIA CORPORATION, | ) | |
| Defendant. | ) | JUNE 17, 2026 |

**********************************************
TRANSCRIPT OF DISCOVERY HEARING
BEFORE THE HONORABLE DEREK T. GILLILAND
**********************************************

APPEARANCES:

FOR THE PLAINTIFF: MARK D. SIEGMUND
CHERRY JOHNSON SIEGMUND JAMES, PLLC
7901 FISH POND ROAD, 2ND FLOOR
WACO, TEXAS 76710

MASSIMO CICCARELLI
CICCARELLI LAW FIRM
100 NORTH 6TH STREET, SUITE 502
WACO, TEXAS 76701

ROCCO MAGNI
SUSMAN GODFREY, LLP
1000 LOUISIANA STREET, SUITE 5100
HOUSTON, TEXAS 77002

EMILY MICHELLE PORTUGUESE
SUSMAN GODFREY LLP
ONE MANHATTAN WEST, 50TH FLOOR
NEW YORK, NEW YORK 10001

FOR THE DEFENDANT: BARRY KENNETH SHELTON
SHELTON COBURN LLP
311 RANCH ROAD 620 SOUTH, SUITE 205
AUSTIN, TEXAS 78734

STEVEN M. BALCOF
DESMARAIS LLP
230 PARK AVENUE 26TH FLOOR
NEW YORK, NEW YORK 10169

GILLIAN F. MOORE
GIBSON, DUNN & CRUTCHER, LLP
200 PARK AVENUE
NEW YORK, NEW YORK 10166

THIRD PARTY DELL: ROGER J. FULGHUM
BAKER BOTTS LLP
ONE SHELL PLAZA
910 LOUISIANA
HOUSTON, TEXAS 77002

THIRD PARTY MICROSOFT & AMAZON: BENJAMIN J. BYER
DAVIS WRIGHT TREMAINE LLP
920 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98104

TRANSCRIBER: ARLINDA RODRIGUEZ, CSR
501 WEST 5TH STREET, SUITE 4152
AUSTIN, TEXAS 78701
(512) 391-8791

Proceedings recorded by electronic sound recording, transcript produced by computer.

evaluate or judge the back-and-forth that's occurred since October, but rather just deal with the issues that are in front of me.

As I see these requests for production, I do believe that they are targeted to relevant information. However, I do believe the scope of some of them -- in many of them is probably more broad than necessary, and it's an understandable byproduct of asking for information when you don't know what information is available.

So I do believe that looking at, say, No. 1, documents sufficient to identify products, features, services offered or internally deployed during the relevant period that incorporate or use NVIDIA GPU acceleration software or NVIDIA GPU acceleration hardware, based on what I know of the underlying case, I believe the documents that identify and include that information, at least to an extent, are relevant to the underlying lawsuit. And that same thought permeates through all of these.

However, when I get to, for example, the one that is seven and eight that refer to sufficient to show valuation, measurement, or realization of any performance benefits, functional improvements, business value, or cost-benefit analysis, as well as, eight, usage, sales,

revenue, or subscription data, I can see some relevance to that information to help value the accused instrumentality, but I also believe that it could easily become disproportionate to the benefits that would be obtained from the information.

So I offer that high-level guidance because I want you -- I'm going to order you-all to meet and confer to address what information -- figure out what information is out there and what can be produced, and provide me an update with regard to the nine topics and the parties' positions.

I'll give you until one week from today to provide an update back to the Court on where you stand with what will be produced, or what you've been able to identify along these lines and can agree to produce, or you just think even searching for it is too detailed. But make the responses specific to the nine requests that are included in Exhibit D and the parties' positions on each of those.

Provide that back to me by one week from today so that I'll know what specific issues there are. For example, if -- and I know I saw one of them in here that referred to, like, internal wikis or that sort of thing. I thought I did.

MR. MAGNI: Request 9, Your Honor.

THE COURT: Okay. I was on the wrong page. Yeah. So I can see a lot of that getting into much more granular information than the plaintiff needs or is entitled to. So what I want you-all to do is meet and confer on each of these and provide the positions within one week from today. If you can reach an agreement on each of those or where you are with regard to each of those, I want the positions addressed discreetly to each request for production.

If there's further narrowing that the plaintiff is willing to make, that needs to be stated with that request for production, and then the scope of what the defendant will agree to look for and produce, similarly, discretely identified in response to each request for production. And provide me that update of where the parties' positions are after meeting and conferring within one week from today.

And along those lines too, Mr. Magni, I know I've seen Mr. Laiche, Ms. Portuguese, Mr. Tribble, and others on the case. And who is taking the role of lead counsel for plaintiff on this?

MR. MAGNI: Mr. Tribble.

THE COURT: Mr. Tribble. Okay. Well, I want -- I will require Mr. Tribble to be involved in those conversations, and see if you can get these

to what you just did, which is to order the parties to meet and confer some more.

And, you know, we have spent a lot of time working with Ms. Portuguese trying to figure out what it is we ought to be searching for. We're in the process of doing that. And at bottom, what her motion requests is that both of these entities provide a certain by which they'll make the production. And as you've seen in ours, we've done that.

And with that coming up next week, what would happen if we proceed without a motion is that there's going to be this, "Well, what are you guys going to produce? Is it going to be enough? And now what do we do?" And it sounds like one similarity that we have with Dell is that there's a big gap between all of my meet and conferrals with Ms. Portuguese and what this chart is really asking.

The chart seems to be focused on issues that we've never discussed. We've spent a lot of time structuring what we're going to search for -- what we are searching for based on these meet and conferrals. And we're in the process of -- what's been asked of us seems to be slightly different than what's been asked of Dell, and we're in the process of putting that together. And we've committed to do that by the end of next week.

And when we do that, what I expect is going to happen is exactly what you've ordered, is that there's going to need to be a back-and-forth. Our plan and our commitment is to work with Plaintiff on identifying what they still want based on what they've seen us producing. And we simply don't have documents, traditional documents, in the sense that cover what they want, and it would probably be that we'd end up producing something somewhat similar to Dell, which is basically data that contains the information.

And what I suspect is that Plaintiff is going to take one look at that and say, "Okay. Given this data, here's what our follow-ups are," or, "Given this data, here's where we worry that you may have missed something." And what we're going to need to do is to work with Plaintiff on that, and if they identify something they think we missed, fantastic. That will give us a specific piece to follow up on, which we'll do. And if they identify something additional that they think we ought to do that we haven't, then maybe we're at loggerheads and we would stand on an objection. But we're just not there yet.

And her rushing this process through a discovery dispute chart that requires us as nonparties to turn something around -- and I think she gave us a week

**REPORTER'S CERTIFICATE**

I, Arlinda Rodriguez, do hereby certify that the foregoing was transcribed from an electronic recording made at the time of the aforesaid proceedings and is a correct transcript, to the best of my ability, made from the proceedings in the above-entitled matter, and that the transcript fees and format comply with those prescribed by the Court and Judicial Conference of the United States.

/S/ Arlinda Rodriguez June 20, 2026
ARLINDA RODRIGUEZ DATE