**_Neural AI, LLC v. NVIDIA Corp._, Case No. 7:24-cv-221-ADA-DTG**
**Discovery Dispute Chart**

| Issue | Neural AI, LLC's ("NAI") Position | Microsoft Corporation's ("Microsoft") Position |
|---|---|---|
| **Microsoft's failure to commit to produce documents pursuant to a Rule 45 subpoena.** | NAI served Microsoft with a document subpoena on October 15, 2025. Ex. A. NAI seeks third-party discovery from Microsoft, a real-world user and integrator of NVIDIA's accused GPU-acceleration products. Microsoft's documents bear directly on direct, indirect, and induced infringement.<br><br>The subpoena noticed document production in Austin, Texas by November 7. Microsoft served objections and did not agree to produce any documents. Ex. B. The parties met and conferred on November 19. Microsoft still refused to produce documents and asked NAI to seek more information about Microsoft's purchase and use of accused products from NVIDIA before seeking documents from Microsoft. At that time, NAI agreed to seek additional information from NVIDIA first. NVIDIA's productions, which clarified that Microsoft is a top NVIDIA customer, contained clear gaps . NAI reengaged Microsoft on April 3. The parties met again on April 13. Microsoft again refused to produce a single document based on an alleged lack of understanding of the accused functionality.<br><br>To move the dispute forward, NAI emailed Microsoft on April 27 (1) providing detail regarding the accused functionality, (2) narrowing the subpoena to priority requests, and (3) identifying accused products Microsoft had purchased from NVIDIA. Ex. C. On a lead-counsel meet and confer on May 21, Microsoft offered merely to look into NAI's requests and get back to NAI with a general update, which should have been done months ago when it received the subpoena.<br><br>On June 4, Microsoft for the first time offered to "complete a reasonable search and provide | Microsoft objects to the use of the Discovery Dispute procedures in the OGP. Microsoft is not a party in *Neural AI, LLC v. NVIDIA Corp.* (7:24-cv-221-ADA-DG) and thus the Court's adoption of the OGP in that case is not applicable to a dispute related to a third-party subpoena.<br><br>FRCP 45 dictates the sole procedure for disputes related to third-party subpoenas: "the serving party may move the court...for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Thus, the proper procedure is a motion to compel and the institution of a miscellaneous action between the opposing parties.<br><br>Even if there were a pending dispute between Neural AI, LLC ("NAI") and Microsoft, the OGP would not be applicable absent a specific order by the Court. By its own terms, the OGP "governs proceedings in patent cases." OGP 4.4 p. 1. There is no patent case or dispute between NAI and Microsoft. Any dispute between NAI and Microsoft relates to a discovery dispute, not a patent case.<br><br>If the Court reaches the merits of this dispute over Microsoft's objections, the dispute is premature. NAI's requested relief is an order that Microsoft "produce responsive documents to NAI's narrowed April 27, 2026 requests by a date certain." Microsoft has agreed to produce responsive documents located after a reasonable investigation, should it find any and subject to its objections, by June 26, 2026, providing the information discussed during the meet and confers. Thus, Microsoft has already provided NAI's requested relief. |

| | | |
|---|---|---|
| | you with what we're able to find" in three weeks. Ex. D. The parties conferred again on June 5, but Microsoft still could not commit that it would produce anything responsive. Microsoft said it would not know until June 26 whether the information it found was "garbage or not."<br><br>The dispute is ripe. NAI has repeatedly tried to avoid motion practice by meeting and conferring, narrowing the subpoena, and providing information to facilitate Microsoft's search. After 7 months since the subpoena was served and 2 months of heavy negotiations, Microsoft must commit to produce responsive documents.<br><br>The discovery is relevant and proportional. NAI's case includes direct, indirect, and induced infringement. NAI is entitled to discovery regarding infringement by NVIDIA's customers and end users, as well as how NVIDIA's accused products are actually integrated and used in real-world systems.<br><br>Thus, Microsoft's documents will be used to show how Microsoft deployed and used the accused functionality, including what workloads, applications, APIs, and customizations were involved. The narrowed requests seek evidence directly relevant to proving actual infringement, as well as indirect infringement and induced infringement.<br><br>The requests are proportional. They are limited to a defined period, U.S.-focused activity, Microsoft products/services using NVIDIA GPU-acceleration hardware and software, and targeted categories of technical and business documents.<br><br>The discovery is uniquely within Microsoft's possession. NVIDIA does not possess Microsoft's internal integration materials, architecture documents, implementation artifacts, and internal communications, as | |

| | | |
|---|---|---|
| | NVIDIA has already confirmed before this Court. *See* Sep. 8, 2025 Hr'g Tr. at 22:2–11.<br><br>**<u>Relief Requested:</u>**<br><br>NAI respectfully requests that the Court compel Microsoft to produce responsive documents to NAI's narrowed April 27, 2026 requests by a date certain, together with a privilege log for any withheld materials, and to begin production promptly on a rolling basis. | |
| **Microsoft's objection to subpoena enforcement in the Western District of Texas** | Microsoft claims that no court other than the Western District of Washington ("WDWA") may adjudicate this dispute. That is baseless.<br><br>Rule 45 does not limit compliance to a company's headquarters or state of incorporation. A subpoena may command production "within 100 miles of where the person resides, is employed, or regularly transacts business in person." FRCP 45(c)(2)(A). And motions to compel compliance are brought in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(2)(B)(i), 45(d)(3)(A); *see also, e.g., Meritage Homes, LLC v. AIG Specialty Ins.*, 2024 WL 221448, at *4 (W.D. Tex. Jan. 18, 2024) ("For a motion under Rule 45(d), the court or district where compliance is required is determined by the location or place for compliance identified on the subpoena."); *Philadelphia Indeminty Ins. v. Odessa Fam. YMCA*, 2020 WL 6484069, at *1 (W.D. Tex. June 26, 2020) ("[T]he Court is of the opinion that 'for purposes of a Rule 45(d)(2) or 45(d)(3) motion, the court or district 'where compliance is required' is determined by the location or 'place' for compliance identified on the subpoena[.]").<br><br>The only question then is whether the subpoena—which lists a place of compliance in Austin, Texas—noticed compliance within 100 miles of a place where Microsoft regularly transacts business in person. It did. | See response above. |

| | | |
|---|---|---|
| | NAI noticed compliance in this district at 100 Congress Ave., Austin, Texas 78701. *See* Ex. A. This is well within 100 miles of Microsoft's Austin, Texas corporate office, for which Microsoft currently has 37 job postings. *See* Ex. E. Microsoft therefore plainly "regularly transacts business in person" in Austin through its corporate office, and NAI's noticed place of compliance is comfortably within Rule 45's limit.<br><br>Further, Microsoft's objection to the place of compliance did not amend Rule 45, override the noticed place of compliance, or divest this Court of authority. Because compliance was properly noticed in this district, this Court has jurisdiction over the dispute.<br><br>**<u>Relief Requested:</u>**<br><br>NAI respectfully requests that the Court overrule Microsoft's blanket objection to jurisdiction and confirm that the subpoena's Austin place of compliance was proper under Rule 45. | |